**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Martin Sanders, | No. CV-18-01471-PHX-JAT (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Trinity Services Group Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Michael M. Sanders' ("Plaintiff") Objection (Doc. 110) to a pretrial order of Magistrate Judge Deborah M. Fine (Doc. 109). The Court now rules on the Objection (Doc. 110).

**I.  BACKGROUND**

Plaintiff filed a complaint against Defendants Trinity Services Incorporated, et al. ("Defendants") alleging that Defendants violated Plaintiff's Eighth Amendment rights (Doc. 1). Specifically, Plaintiff claims that his Eight Amendment rights were violated when he was not granted an exception to the prison's mechanical restraint policy and was given a nutritionally deficient diet while incarcerated. (*See* Doc. 1 at 4–12). To date, Magistrate Judge Fine has granted two extensions for Plaintiff to respond to the Motions for Summary Judgment (Docs. 107, 109). In his October 29, 2020 motion, Plaintiff asked for an additional extension of thirty (30) days. Magistrate Judge Fine's November 2, 2020 Order granted Plaintiff's request for an extension, but only granted an extension of eleven (11) days. In all, Magistrate Judge Fine has granted extensions of seventy-four (74) days from

the initial response deadline of August 31, 2020.

Plaintiff seeks relief from Magistrate Judge Fine's November 2, 2020 Order (Doc. 109) under Federal Rule of Civil Procedure 72(a).

## II. LEGAL STANDARD

This Court may modify or set aside any part of a pretrial order issued by a magistrate judge that "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Court will overturn a magistrate judge's decision only if it is the result of "clear error." *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) (citations omitted). Under this standard of review, the Court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citations omitted). Instead, the Court must have a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted). The burden of making this showing is on the objecting party. *See Kinkeade v. Beard*, No. 215CV01375TLNCDK, 2017 WL 2813037, at *2 (E.D. Cal. June 29, 2017).

## III. ANALYSIS

Plaintiff contends that the Magistrate Judge's order (Doc. 109) erred in two ways: By not considering Plaintiff's good cause showings, and by not considering that Plaintiff must respond to multiple motions for summary judgment. (Doc. 110 at 2–4). The Court will address each contention in turn.

### a. Plaintiff's Good Cause Showings

While it is not clear from Plaintiff's Objection, Plaintiff's primary argument appears to be that Magistrate Judge Fine erred by not fully considering all of the circumstances underlying Plaintiff's multiple requests for extensions and only granting Plaintiff an additional eleven-day (11) extension rather than the requested thirty-day (30) extension. (*See* Doc. 110 at 2–5). Plaintiff asserts that the extension granted by Magistrate Judge Fine fails to take into account the fourteen (14) days Plaintiff lost to a COVID-19 lockdown in his unit (Doc. 105 at 4) and the twenty-one (21) days Plaintiff lost to "medical isolation"

(Doc. 105 at 2-3) for a total of thirty-five (35) lost days (Doc. 110 at 4). Essentially, Plaintiff argues that Magistrate Judge Fine has not granted sufficient relief to address the litany of issues he has encountered when drafting his responses to the two motions for summary judgment and statements of facts (Docs. 95, 96, 100, and 101).

To date, Magistrate Judge Fine has granted a total extension of seventy-four (74) days from the original deadline of August 31, 2020 to the extended deadline of November 13, 2020. (*See* Docs. 107, 109). In examining the multiple extensions granted by Magistrate Judge Fine, the Court does not see any evidence she erroneously neglected to consider the thirty-five (35) days mentioned in Plaintiff's Objection. When added to the days in August Plaintiff was not locked down (August 14–31, 2020) (Doc. 105 at 4), the total number of days granted to draft a response to the motions for summary judgment and new statements of fact far exceeds the thirty-day (30) time limit given in the original order (Doc. 102). Moreover, Magistrate Judge Fine granted an additional eleven-day (11) extension to Plaintiff even though, "[p]laintiff ha[d] not shown diligence or good cause for another extension." (Doc. 109). After reviewing the totality of the record, Magistrate Judge Fine did not err in granting an additional eleven-day (11) extension, rather than the requested thirty-day (30) extension, and the extensions granted far exceed the thirty-five-days (35) Plaintiff claims to have lost.

### b. Responses to Multiple Motions for Summary Judgment

Plaintiff also seems to argue that the Magistrate Judge engaged in an "abuse of discretion" by not allowing additional response time for Plaintiff to complete separate responses to the two pending motions for summary judgment. (Doc. 110 at 4). Plaintiff argues that "the Magistrate Judge has not considered that Sanders is laboring to perfect two responses to two motions for summary judgment." (*Id.* at 4) (emphasis omitted). It should be noted that Magistrate Judge Fine's orders specifically mention that both motions for summary judgment are pending, so it appears to the Court that Magistrate Judge Fine did consider that Plaintiff needed to respond to both. (*See* Docs. 107, 109). Even if Magistrate Judge Fine did not consider that Plaintiff had to submit responses to two motions for

summary judgment, it would still not amount to clear error. Although the Court acknowledges the challenges Plaintiff has encountered as an incarcerated, pro se litigant, responding to multiple motions for summary judgment does not rise to the level of good cause for an extension as required by Federal Rule of Civil Procedure 6(b)(1)(A). *See Ashby v. Mortimer*, No. 4:18-cv-00143-DCN, 2019 WL 1804440, at *2 (D. Idaho Apr. 24, 2019) ("[T]he fact that Plaintiffs must respond to two motions for summary judgment filed days apart is hardly unique, inherent in litigation, and may not rise to the level of good cause."). Since answering two motions for summary judgment is an inherent aspect of litigation—particularly in cases like this one where the Plaintiff has brought claims against multiple defendants—Plaintiff is not entitled to an additional extension because he must prepare two responses.

Further, Plaintiff asserts that his lack of "access to the modern tools of litigation" due to his incarceration favors granting an additional extension. (Doc. 110 at 5). Plaintiff, however, cites no legal precedent to support this argument. (*See id.*). The Supreme Court has established the standard for legal research access that prison authorities must give to prisoners as, "the (already well-established) right of *access to the courts*." *Lewis v. Casey*, 518 U.S. 343, 350 (1996). Circuit courts have interpreted this standard as requiring a plaintiff to show actual restriction of access to the court system ("actual injury"). *See Strickler v. Waters*, 989 F.2d 1375, 1383–87 (4th Cir. 1993) (holding that reduced library time and limited legal resources in library did not restrict Plaintiff's access to the courts); *see also Sowell v. Vose*, 941 F.2d 32, 35 (1st Cir. 1991) (finding that a delay of access to legal materials that forced Plaintiff to obtain deadline extensions did not deny Plaintiff access to the courts). Plaintiff has not been prevented from filing his claim or multiple motions for extensions of response deadlines. (*See* Docs. 1, 105, 108). While legal resources available to Plaintiff may not be ideal, the record does not support a finding that Plaintiff has been deprived of his right of access to the courts.

Finally, the Court notes that even if Plaintiff had received the full thirty-day (30) extension requested in his October 29, 2020 motion, Plaintiff's response would have still

been filed late.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Objection (Doc. 110) is **OVERRULED** and the Magistrate Judge's order (Doc. 109) is **AFFIRMED**.

**IT IS FURTHER ORDERED** striking Plaintiff's late Responses and Statements of Facts (Docs. 113, 116, 117), Defendants' Replies to the late Responses (Docs. 121, 123), and Defendants' Response to Plaintiff's late Statements of Facts (Doc. 122).

**IT IS FURTHER ORDERED** that the Motions for Summary Judgment (Docs. 95, 100) will be considered as unopposed.

Dated this 26th day of January, 2021.

James A. Teilborg
Senior United States District Judge