**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Martin Sanders, | No. CV-18-01471-PHX-JAT (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Trinity Services Group Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 125) and Motion to Enlarge the Time to File a Motion for Reconsideration (Doc. 126). For the following reasons, the Motion to Enlarge the Time to File is GRANTED and the Motion for Reconsideration is DENIED.

I.      **BACKGROUND**

Plaintiff filed a complaint against Defendants Trinity Services Incorporated, et al. ("Defendants") alleging that Defendants violated Plaintiff's Eighth Amendment rights (Doc. 1). Specifically, Plaintiff claims that his Eighth Amendment rights were violated when he was not granted an exception to the prison's mechanical restraint policy and was given a nutritionally deficient diet while incarcerated. (*See* Doc. 1 at 4–12). To date, Magistrate Judge Fine has granted two extensions for Plaintiff to respond to the Motions for Summary Judgment (Docs. 107, 109). In his October 29, 2020 motion, Plaintiff asked for an additional extension of thirty days. Magistrate Judge Fine's November 2, 2020 Order granted Plaintiff's request for an extension, but only granted an extension of eleven days.

In all, Magistrate Judge Fine granted extensions of seventy-four days from the initial response deadline of August 31, 2020.

Plaintiff objected to Magistrate Judge Fine's November 2, 2020 Order (Doc. 109) under Federal Rule of Civil Procedure 72(a). On January 26, 2021, the Court denied Plaintiff's objection and affirmed Magistrate Judge Fine's Order. (Doc. 124). On February 10, 2021, Plaintiff then filed the instant motion for reconsideration of the Court's January 26, 2021 Order. (Doc. 125). Plaintiff filed the motion to enlarge time the following day. (Doc. 126).

## II.     LEGAL STANDARD

District of Arizona Local Rule of Civil Procedure 7.2(g) governs motions for reconsideration. It provides:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g)(1). Manifest error under LRCiv 7.2(g)(1) is "error that is plain and indisputable . . . that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Estrada v. Bashas' Inc.*, No. CV-02-00591-PHX-RCB, 2014 WL 1319189, at *1 (D. Ariz. Apr. 1, 2014) (quoting *Black's Law Dictionary* 622 (9th ed. 2009)).

Further, mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present

1   evidence for the first time when they could reasonably have been raised earlier in the

2   litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

3   "Motions for reconsideration are disfavored and should be granted only in rare

4   circumstances." *Morgal v. Maricopa Cty. Bd. of Sup'rs*, No. CIV 07-0670-PHX-RCB,

5   2012 WL 2368478, at *1 (D. Ariz. June 21, 2012).

6          "Absent good cause shown, any motion for reconsideration shall be filed no later

7   than fourteen (14) days after the date of the filing of the Order that is the subject of the

8   motion." LRCiv. 7.2(g)(2). The good cause standard primarily considers the diligence of

9   the party filing the untimely motion. *See Johnson v. Mammoth Recreation, Inc.*, 975 F.2d

10  604, 609 (9th Cir. 1992).

11  **III.    ANALYSIS**

12         Because Plaintiff's motion for reconsideration was not timely filed, the Court will

13  first consider his motion to enlarge time.

14         **a.      Motion to Enlarge Time**

15         Plaintiff filed his motion for reconsideration fifteen days after the Court issued its

16  January 26, 2021 Order. (*See* Docs. 124, 125). District of Arizona Local Rule of Civil

17  Procedure 7.2(g) sets the time to file a motion for reconsideration at fourteen days. *See*

18  LRCiv. 7.2(g)(2). Therefore, Plaintiff must show good cause for his late filing to have his

19  motion for reconsideration considered by the Court.

20         In his motion to enlarge time, Plaintiff asserts that he has good cause for filing his

21  motion for reconsideration one day late because, after completing his motion for

22  reconsideration on February 5, 2021, Plaintiff was not given the ability to file his motion

23  for reconsideration until February 10, 2021. (Doc. 126 at 3). Plaintiff further lays out his

24  attempts to file his motion for reconsideration on February 8 and 9, 2021 and the reasons

25  they were unsuccessful. (*Id.* at 2–3). Because the good cause standard primarily considers

26  the diligence of the party filing the untimely motion, *see Johnson*, 975 F.2d at 609, the

27  Court finds that Plaintiff has shown diligence and, thus, good cause for his late filing.

28  Because Plaintiff has shown good cause, his motion to enlarge time will be granted and the

1   Court will consider Plaintiff's motion for reconsideration.

2         **b.**      **Motion for Reconsideration**

3         In his motion for reconsideration, Plaintiff asserts that the Court

4   "misapprehen[ded]" and "disregard[ed]" certain facts when it affirmed Magistrate Judge

5   Fine's order granting extension. (Doc. 125 at 1). The Court construes this as an argument

6   that, in its January 26, 2021 Order, the Court committed manifest error. Plaintiff further

7   presents "new facts," arguing that these new facts warrant reconsideration. (*Id.*). The Court

8   will examine each argument in turn.

9         **1.**      **Manifest Error**

10         Plaintiff begins by arguing that it was error for the Court not to consider the three

11   extensions granted to Defendants in this matter when analyzing Plaintiff's objection. (*See*

12   *id.* at 2). Plaintiff originally moved for an extension under Federal Rule of Civil Procedure

13   ("FRCP") 6(b). (Doc. 108 at 1). FRCP 6(b) states that "[w]hen an act may or must be done

14   within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P.

15   6(b). "The Ninth Circuit has equated the good cause standard with the exercise of due

16   diligence." *Guillen v. Owens*, No. CV-10-226-PHX-JWS, 2011 WL 6032861, at *1 (D.

17   Ariz. Dec. 5, 2011). So, the unrelated extensions previously granted in Plaintiff's case do

18   not impact the Court's good cause analysis, and Plaintiff cited no law advancing the

19   proposition that they should.

20         The Court further notes that the Defendants' granted extensions were to extend the

21   deadlines for discovery and dispositive motions. (*See* Docs. 82, 85, 87). Such extensions

22   benefitted Plaintiff as well as Defendants, even if Plaintiff argues he benefitted less because

23   he submitted his final discovery request early. (*See* Doc. 125 at 2).

24         Plaintiff was also granted his own extensions totaling seventy-four days to respond

25   to the motion for summary judgment. (*See* Doc. 124 at 3). Plaintiff argues that he could not

26   take full advantage of these extensions because he is incarcerated and was locked down

27   and in isolation for some of the time. (Doc. 125 at 2–3). The Court clearly included these

28   facts in its analysis and found that they did not warrant overturning Magistrate Judge Fine's

order. (*See* Doc. 124 at 3 ("In examining the multiple extensions granted by Magistrate Judge Fine, the Court does not see any evidence she erroneously neglected to consider the thirty-five (35) [lost] days mentioned in Plaintiff's Objection. When added to the days in August Plaintiff was not locked down (August 14–31, 2020) (Doc. 105 at 4), the total number of days granted to draft a response to the motions for summary judgment and new statements of fact far exceeds the thirty-day (30) time limit given in the original order.")).

Further, Plaintiff states that he is not asserting that the Court failed to weigh the challenges he faced as an incarcerated plaintiff when analyzing good cause in his objection, but simply that the Court came "to the wrong conclusion given [the facts]." (Doc. 125 at 4). As noted above, mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong*, 689 F. Supp. at 1573.

Finally, Plaintiff seems to assert that the Court's denial of his objection will lead to a default judgment against him on the motions for summary judgment. (*See* Doc. 125 at 4). However, the Court has made no default judgment order, nor would it here, as the Ninth Circuit "prohibit[s] the grant of summary judgment 'by default even if there is a complete failure to respond to the motion.'" *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013); *see also Martinez v. Stanford*, 323 F.3d 1178, 1182–83 (9th Cir. 2003) (holding that a district court may not grant a motion for summary judgment by default because a party failed to respond to the motion for summary judgment). Instead, the Court ordered that the motions for summary judgment will simply be considered, on the merits, as unopposed. (Doc. 124 at 5).

Thus, Plaintiff has failed to make a showing of manifest error, or "error that is plain and indisputable . . . that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Estrada*, 2014 WL 1319189, at *1.

### 2. New Facts

Plaintiff presents "new facts" in his motion for reconsideration that he argues were not presented in his original objection because they were not "relevant." (Doc. 125 at 5–6). Plaintiff argues they are now relevant in light of the Court's January 26, 2021 Order.

(*Id.*). These new facts outline the challenges Plaintiff faced in filing his response and related statements of facts as a prisoner plaintiff. (*See id.* at 6–8). Nowhere in these new facts, however, does Plaintiff allege that these challenges prevented him from meeting the November 13, 2020 deadline set in Magistrate Judge Fine's order. (*See id.*). Instead, Plaintiff argues that these new facts show that he could have met the deadline had his requested thirty-day extension been granted. (*Id.*). Because Magistrate Judge Fine did not err in failing to grant the full additional time requested by Plaintiff, facts about delays that occurred *after* the November 13, 2020 deadline are not relevant to the Court's analysis.[1]

Plaintiff additionally argues that his new facts are relevant because his response and statements of facts were "filed and not merely lodged on the record" which Plaintiff asserts "does not occur until and/or unless the Court has deemed them procedurally acceptable." (Doc. 125 at 5). Plaintiff goes on to state that Magistrate Judge Fine's December 10, 2020 Order led him to "infer[] that he would be procedurally okay if he met [the deadline to file statements of facts]." (*Id.*).

"It is well established that district courts have inherent power to control their docket." *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (internal quotations and alterations omitted) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998)). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). Because Plaintiff filed his response and statements of facts late, the Court was well within its power to strike them from the record. Further, Magistrate Judge Fine's December 10, 2020 order did not find that Plaintiff's response was timely. (*See* Doc. 115). It instead noted that Plaintiff's appeal to this Court as to the deadline for his response was "pending," indicating that the timeliness of Plaintiff's response would depend on whether the Court affirmed the deadline set by Magistrate Judge Fine. (*See id.* at 2).

---

[1] Plaintiff argues that these facts are relevant because the Court noted that "even if Plaintiff had received the full thirty-day (30) extension requested in his October 29, 2020 motion, Plaintiff's response would have still been filed late." (Doc. 124 at 4–5). Plaintiff, however, did not receive the full thirty-day extension requested, so challenges in meeting a deadline based upon that denied extension would not impact the Court's analysis of Plaintiff's objection.

Regardless, Magistrate Judge Fine's December 10, 2020 Order, which Plaintiff claims caused him confusion on this point, did not retroactively make Plaintiff's late response timely.

Thus, Plaintiff's new facts would not have been relevant to the Court's analysis of his objection. As such, Plaintiff's new facts do not warrant that his motion for reconsideration be granted.

**IV.     CONCLUSION**

Plaintiff succeeding in showing good cause for the late filing of his motion for reconsideration. Plaintiff has, however, failed to show that the Court committed manifest error in its January 26, 2021 Order or that new facts that could not have been brought to its attention earlier with reasonable diligence warrant reconsideration. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Enlarge the Time to File a Motion for Reconsideration (Doc. 126) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 125) is **DENIED**.

Dated this 16th day of February, 2021.


James A. Teilborg
Senior United States District Judge